1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELL DANIEL AULAR MARQUEZ,              No.  1:26-cv-00904-KES-EPG (HC)

12                   Petitioner,

13         v.                                    ORDER GRANTING PETITION FOR WRIT
                                                 OF HABEAS CORPUS
14   CHRISTOPHER CHESTNUT, Warden of
     California City Detention Center; KRISTI    Doc. 1
15   NOEM, Secretary of the United States
     Department of Homeland Security; and
16   PAMELA BONDI, Attorney General of the
     United States; MOISES BECERRA, Field
17   Office Director of Immigration and Customs
     Enforcement, Enforcement and Removal
18   Operations,

19                   Respondents.

20

21         Petitioner Michell Daneil Aular Marquez is an immigration detainee proceeding with a

22   petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The

23   Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*,

24   *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal.

25   Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302

26   (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL

27   3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC),

28   2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

                                            1

1   The Court informed the parties that it intended to rule directly on the petition and ordered

2 respondents to show cause as to whether there are any factual or legal issues in this case that

3 distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v.*

4 *Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the

5 petition. Doc. 6. Respondents state that they "have reviewed the cases cited in the Court's

6 February 2 Order and confirm that this case poses the same legal issues as those cases." Doc. 7 at

7 1. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–2.[1]

8   As respondents have not made any new legal arguments and have not identified any

9 factual or legal issues in this case that would distinguish it from the Court's prior decisions in

10 *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal.

11 Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302

12 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL

13 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK

14 (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is

15 GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

16   Respondents are ORDERED to release petitioner immediately. Respondents are

17 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear

18 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that

19 petitioner is a flight risk or danger to the community such that his physical custody is legally

20 justified.

21

22 [1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending

23 the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection

24 and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 7 at 2. But here immigration officials did previously encounter petitioner and they released

25 him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*.

26 Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

27

28 [2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

1        The Clerk of Court is directed to close this case and enter judgment for petitioner.

2

3    IT IS SO ORDERED.

4        Dated:   February 6, 2026                          _____
                                                            UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28